

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 13, 1949

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-901

Re: The duty of the Commissioner of the General Land Office to collect accounts due that office

Dear Sir:

Your request for an opinion reads as follows:

"In connection with our current audit of the accounts of the General Land Office we respectfully request that you refer to Attorney General's Opinion No. 0-5332 (dated July 22nd, 1943) and advise us which Department or Official of the State has the duty of taking action to recover to the State the remaining uncollected accounts due the General Land Office - accounts such as are described in that opinion.

"Following the ruling of the above opinion the Land Office ceased extending credit to all customers and required funds to be on deposit in the General Land Office or the State Treasury before services were rendered, etc. At that time there were uncollected accounts due the Land Office as follows:

| | |
|---|---|
| "J. H. Walker | $1.00 |
| William H. McDonald | 1,600.00 |
| Bascom Giles | 1,628.56 |
| Total | $3,230.46 |

"Beginning at that time collections were made on these accounts to the point where the entire amounts shown due by J. H. Walker and Bascom Giles have been satisfactorily accounted for, and a total of $69.25 was collected on the William H. McDonald accounts. This

> leaves a total balance due of $1,551.65
> on said McDonald accounts. It seems to
> us steps should be taken to collect this
> balance but of course it is out of our
> province, and your advice in the matter
> will be greatly appreciated."

We have discussed this letter with Mr. Grady Starnes of your Department, and, as we understand him, you are not inquiring as to which department or official has the duty of initiating legal action to collect the amounts due the State, but your questions are as follows:

1. Is it the duty of the Commissioner of the General Land Office to make a written demand against the debtor for payment of delinquent sums due the State of Texas under Art. 3918, V.C.S.?

2. If the above question is answered in the negative, then which head of department or State Official has the duty of making demand?

We answer your first question in the affirmative and hold that the Commissioner of the General Land Office has the duty of making demand for the payment of delinquent accounts incurred under Art. 3918, V.C.S.

Generally, the Commission has only those powers, duties, and responsibilities conferred on him by law. State v. Post, 169 S.W. 401 (Tex. Civ. App. 1914) rev. on other grounds, 106 Tex. 500, 171 S.W. 707 (1914). He is, by statute, given custody and control of all accounts in the General Land Office (Art. 5262, V.C.S.) and the general control of the Land Office (Art. 5251, V.C.S.). He also has such implied powers as are necessary to the fulfillment of his express powers. 46 C.J. 1032, Officers, Sec. 287; 34 Tex. Jur. 444, Officers, Sec. 68.

We believe the making of a demand for payment of sums due the Land Office rests upon the Commissioner by virtue of the above cited authority.

In Attorney General's Opinion V-791, dated March 24, 1949, it was held as follows:

"It is the duty of Land Commissioner
to ascertain when interest is due on delin-
quent bonus, rentals and royalty and to
make demand therefor." (Emphasis added)

Attorney General's Opinion O-5332, dated July 22,
1943, holds that the Commissioner is without authority
to extend credit in respect to fees required by Art. 3918,
V.C.S. The opinion also says:

"In your letter you inquire upon whom
rests the responsibility to collect accounts
for the services of the Commissioner in filing
documents and for certified copies, etc. under
said Article 3918, Revised Civil Statutes.
Since there is no authority on the part of
the official to create such accounts, there
is no statutory provision with respect to the
collection thereof. The official bond of the
official protects the rights of the State to
receive the fees provided for in said Arti-
cle 3918."

We interpret the above quoted paragraph to hold that
the Land Commissioner is without statutory authority to
initiate legal action for collection; and it does not,
therefore, conflict with our holding in the present opinion.

The duty of making demand rests upon the present Com-
missioner for indebtedness created during the term of a
predecessor. 46 C.J. 1035, Officers, Sec. 301 says:

"As a general rule, duties imposed by law
on public officers are functions and attributes
of the office; and they remain, although the in-
cumbent dies or is changed, and are to be per-
formed by the incumbent, although they may
have been left undone by the predecessor."

See also 34 Tex. Jur. 449, Public Officers, Sec. 71.

Since the first question is answered in the affirm-
ative, it will not be necessary to answer the second ques-
tion.

## SUMMARY

The Commissioner of the General Land Office has the duty of making a demand against debtors for delinquent accounts incurred under Art. 3918, V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By James Weeks
Assistant

JW:bt

APPROVED

Price Daniel
ATTORNEY GENERAL